UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DANIELLE DEAN                                                              PLAINTIFF

V.                                                        CIVIL ACTION NO.1:08CV225-JAD

AURORA AUSTRALIS LODGE, et al.                                          DEFENDANTS

### MEMORANDUM OPINION

Danielle Dean filed suit against several defendants alleging race discrimination in employment and retaliation. The complaint names Aurora Australis Lodge, also known as Aurora Australis Lodge, LLC, Vanguard Healthcare Management Services, LLC, Vanguard Health Care LLC, and an individual. The defendant Vanguard Healcare, LLC (hereinafter Vanguard) has moved to dismiss the complaint against it asserting that this court lacks personal jurisdiction over it (Doc. 13, 35).

The plaintiff bears the burden to prove prima facie that this court may properly exercise personal jurisdiction over this defendant under Mississippi's long-arm statute and that the exercise of jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir. 1994); *Quick Techs, Inc. v. Sage Group PLC,* 313 F. 3d 338, 343 (5th Cir. 2002). In considering whether the plaintiff has made the required showing, uncontroverted allegations are accepted as true. Factual conflicts in the parties' affidavits are resolved in the plaintiff's favor. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

Whether this court can exercise jurisdiction depends on the application of state long arm law as limited by the Due Process Clause of the Fourteenth Amendment. The Mississippi long-arm statute provides in pertinent part:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann § 13-3-57.

Because there is no claim of a contract or tort basis for this action, this court must look to whether Vanguard is subject to jurisdiction under the "doing business prong" of the statute. Mississippi incorporates the federal "minimum contacts" analysis into its determination of whether a non-resident is doing business in the state in order to be subject to the jurisdiction of the courts. *Kekko v K & B Louisiana Corporation,* 716 So. 2d 682, 683 (Miss. App. 1998). As discussed below the ultimate question is whether this court can exercise jurisdiction over this defendant consistent with federal constitutional limits.

In support of its motion Vanguard submitted the affidavit of its secretary-treasurer Kirk Hebert. Vanguard Healthcare LLC is a Tennessee limited liability company. It is a holding company for various corporate entities that own and operate nursing homes including Aurora Australis, LLC the operator of Aurora Australis Lodge, where Dean was employed. According to Hebert's affidavit Vanguard does not own or operate any nursing homes. Vanguard claims its does no business in Mississippi, is not registered to do business in Mississippi, has no employees in Mississippi, has no employees or registered agent in the state and has no office in the state. Vanguard does not lease or own any real property in the state. It does not conduct any advertising in the state. It pays no state or local taxes in the State of Mississippi.

Hebert is also the secretary/treasurer to Aurora Australis, LLC also a Tennessee limited liability company. Aurora Australis, LLC is the operator of the Aurora Australis Lodge. According to Hebert, all three companies Vanguard, Vanguard Healthcare Management Services, LLC and Aurora Australis, LLC are separate corporate entities with separate books and financial statements. Aurora Australis, LLC does not deposit any of its funds into any Vanguard controlled bank accounts.

In her response to the motion to dismiss Dean points out that Vanguard is an owner and member of Aurora Australis, LLC, per the operating agreement. Vanguard owns a 99% interest in Aurora. Additionally Vanguard has executed a guarantee of Aurora Australis, LLC's obligations under a lease to Aurora Lodge, Inc, an Arkansas corporation. The plaintiff claims that Aurora Australis has stated in public documents that it is owned by Vanguard. The purported statements come from websites maintained by third parties, not Aurora Australis, LLC or Vanguard. These representations therefore cannot be attributed to the defendants.

It appears that Vanguard has two ties to the state of Mississippi. One is its guaranty of Aurora Australis' obligations on its lease. The other is its parent-subsidiary relationship with Aurora Australis, LLC. In the absence of proof, not put forth in this case, that Aurora Australis, LLC is the alter ego of Vanguard, *Samples v. Vanguard Healthcare, LLC,* 2008 WL 4371371 (N.D. Miss. Sept. 2008), the relationship of parent-subsidiary is insufficient to establish in personam jurisdiction of the foreign parent because the subsidiary is present in the state. *Hargrave v. Fibreboard Corporation*, 710 F.2d 1154, 1159 (5th Cir. 1983). Additionally the plaintiff has made no factual showing that Vanguard and Aurora Australis should be considered as a single employer. There is no showing that Vanguard had any input or control in any actions relating to Dean or made final

decisions regarding Dean's employment. *Schweitzer v. Advanced Telemarketing Corp.,* 104 F.3d 761, 764(5th Cir. 1997); *Trevino v. Celanese Corp.,* 701 F.2d 397, 404(5th Cir. 1983).

With such limited contacts with this state, it cannot be said that Vanguard has such sufficient continuing, systematic contacts with this forum that it is generally subject to haled into Mississippi courts. *Roxco, Ltd. v. Harris Specialty*, 133 F. Supp.2d 911, 917 (S.D. Miss. 2000). Because there is no causal relationship or nexus between this employment discrimination case and the lease guaranty given by Vanguard to the Arkansas corporation, this court also cannot exercise specific in personam jurisdiction. *Id.*

Having concluded that this court cannot exercise in personam jurisdiction over Vanguard, this court finds that Vanguard Healthcare, LLC should be dismissed without prejudice.

A separate order shall be entered.

This the 29th day of April, 2009.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE